*United States v. Jones*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-five.

PRESENT:
JOHN M. WALKER, JR.,
DENNIS JACOBS,
MYRNA PÉREZ,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                No. 24-2235

CARL JONES, AKA M.O.B.,

*Defendant-Appellant.*

_____

1

FOR APPELLEE:                          ALEXIS S. BEYERLEIN, (Robert S. Ruff, Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT:              JONATHAN J. EINHORN, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Williams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Carl Jones was convicted of one count of unlawful possession of a firearm and ammunition by a person with a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The District Court denied Jones's motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, and sentenced him to 120 months' imprisonment, the then-applicable statutory maximum under 18 U.S.C. § 924(a)(2).  Jones appeals the conviction and sentence.[1]

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

---

[1]     Viewing the evidence "in the light most favorable to the government," we conclude that Jones did not carry his "heavy burden" to show that the evidence was insufficient to support his conviction.  *See United States v. Torres*, 124 F.4th 84, 95 (2d Cir. 2024) (quoting *United States v. Martoma*, 894 F.3d 64, 72 (2d Cir. 2017)).

## I. **Jones's Sentence**

Jones challenges his sentence of 120 months' imprisonment. Principally, he argues that the District Court incorrectly calculated the appropriate sentencing range under the United States Sentencing Guidelines. Jones argues that the District Court erred by applying the base offense level for attempted first degree murder under U.S.S.G. § 2A2.1 rather than the base offense level for aggravated assault under U.S.S.G. § 2A2.2.[2]

When reviewing "a district court's application of the Guidelines to the specific facts of a case, we . . . follow an 'either/or approach,' adopting a *de novo* standard of review when the district court's application determination was primarily legal in nature, and adopting a 'clear error' approach when the determination was primarily factual." *United States v. Helm*, 58 F.4th 75, 88 (2d Cir. 2023) (quoting *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006)). However, even if we identify a "procedural error in a sentence, but the record indicates clearly that 'the district court would have imposed the same sentence' in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Thompson*, 921 F.3d 82, 88 (2d Cir. 2019) (quoting *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009)).

---

[2] In his brief, Jones also argues that the District Court erred in applying an enhancement for obstruction of justice. However, Jones waived his challenge to the obstruction enhancement in the District Court. *See* App'x at 154–55.

Under U.S.S.G. § 2A2.1, the base offense level for attempted first degree murder applies "if the object of [Jones's] offense would have constituted first degree murder" as defined by 18 U.S.C. § 1111. In turn, § 1111 defines murder as "the unlawful killing of a human being with malice aforethought,"[3] and defines first degree murder as "willful, deliberate, malicious, and premeditated killing."

The District Court concluded that Jones acted with intent to kill and that his attempt to kill was premeditated. But, the District Court also stated plainly that it would have considered Jones's sentence appropriate regardless of the guidelines range. *See* App'x at 221. In light of such a clear statement by the District Court, it is unnecessary to determine whether there were any errors in the District Court's calculation of the appropriate guidelines range, since any such error would be harmless here.

## II.    Conclusion

We have considered Jones's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3]     Malice aforethought is a "term of art in the common law" that chiefly means "'intent to kill.'" *United States v. Capers*, 20 F.4th 105, 129–30 (2d Cir. 2021) (quoting Model Penal Code § 210.2 cmt. 1 at 13-14 (A.L.I., 1985)).